UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CREATIVE MACHINING AND          )
MOLDING CORPORATION             )
    Plaintiff,                  )
                                )
v.                              )    Civil Action No. 17-30043-MAP
                                )
CRC POLYMER SYSTEMS, INC.       )
    Defendant.                  )

ORDER ON PLAINTIFF'S MOTION TO COMPEL ALLTRISTA PLASTICS, LLC d/b/a/ JARDEN PLASTICS SOLUTIONS ("JARDEN") AND THE YANKEE CANDLE COMPANY, INC. ("YANKEE CANDLE") TO DESIGNATE WITNESSES AND PRODUCE DOCUMENTS AS REQUIRED BY DEPOSITION SUBPOENAS SERVED ON BOTH COMPANIES
(Dkt. No. 33)

I. Background

An extensive history of the dispute at issue in this case is not necessary to understanding the issues raised by plaintiff Creative Machining and Molding Corporation's ("CMM") motion to compel Jarden and Yankee Candle to comply with subpoenas issued pursuant to Fed. R. Civ. P. 45 ("Rule 45") to produce documents and provide testimony from "[t]he person with the most knowledge" (Dkt. Nos. 33-2; 33-3). In summary, CMM alleges in its complaint that, beginning in or around 2005, CMM had a contract to provide tea light holders to Yankee Candle for tea light candles sold by Yankee Candle. According to CMM, CMM and defendant CRC Polymer Systems, Inc. ("CRC") entered into a joint venture to produce satisfactory tea light holders. Thereafter, CRC sold CMM the material to manufacture the tea light holders, while CMM manufactured the tea light holders and sold them to Yankee Candle. Sometime between 2005 and 2014, Yankee Candle was acquired by Jarden, an entity which also owned several plastic molding and manufacturing facilities. CMM continued to sell tea light holders to Yankee Candle until August 2014, when CRC began selling the material required to manufacture the tea light

1

holders directly to Yankee Candle, in derogation of an agreement between CRC and CMM that CRC would sell its product exclusively to CMM for use in the candle industry (Dkt. No. 1 at 1-3). Thereafter, Yankee Candle ceased doing business with CMM. According to counsel for CMM, during discovery, CMM has learned that CRC began selling its product to Jarden sometime in or before mid-July 2014 (Dkt. No. 33-1). According to the plaintiff, CRC has produced only "isolated" records related to its work with Jarden in 2013-2014 to develop a process for the in-house production of tea light holders.

On December 6, 2017, CMM issued a Rule 45 subpoena to Alltrista Plastics LLC d/b/a/ Jarden Plastics Solutions directing Jarden to produce the "Person with the Most Knowledge" at Jarden on 8 topics listed on Schedule A attached to the subpoena and to produce documents concerning the same 8 topics, which were listed on attached Schedule B. The witness was directed to appear at 265 State Street in Springfield, Massachusetts on December 15, 2017 at 10:00 a.m., bringing the requested documents to the deposition (Dkt. No. 33-2 at 1-4). Through counsel, Jarden objected to the subpoena, on the grounds, among others, that the subpoena called for the appearance of a deponent and the production of documents in violation of the geographical limitations imposed by Rule 45 (Dkt. No. 35-1).

On January 11, 2018, CMM issued a Rule 45 subpoena to Yankee Candle directing Yankee Candle to produce the "Person with the Most Knowledge" at Yankee Candle on 8 topics listed on Schedule A attached to the subpoena and to produce documents concerning the same 8 topics, which were listed in attached Schedule B (Dkt. No. 35-1). The witness was directed to appear at 265 State Street in Springfield, Massachusetts on January 19, 2018 at 10:00 a.m., bringing the requested documents to the deposition (Dkt. No. 35-1 at 21-24). Yankee Candle objected to the subpoena on various grounds, including that the subpoena sought corporate

records of Jarden in addition to records of Yankee Candle, and notified CMM that Mr. Mike Pazos, an employee of Yankee Candle, would testify as the "PMK" (presumably, "person with knowledge") for Yankee Candle on January 22, 2018 at 10:00 a.m. (*id.* at 26-27). On January 19, 2018, Yankee Candle emailed documents to CMM's counsel in response to the Rule 45 subpoena (*id.* at 29). It appears that CMM also noticed the deposition of Mike Pazos individually (Dkt. No. 33-1 at 3-4). On January 22, 2018, CMM elected to take the deposition of Mr. Pazos as an individual rather than as a corporate representative (Dkt. No. 33-17 at 2-3). Yankee Candle takes the position that it has produced all documents in its possession, custody, or control that were responsive to CMM's Rule 45 subpoena (Dkt. No. 33-12 at 3; Dkt. No. 35-1 at 31).

II. Discussion

1. Subpoena to Jarden.

Rule 45(c), which governs the place of compliance for a Rule 45 subpoena, provides, in pertinent part, that a subpoena may command a person to appear and testify only at a location within 100 miles of the place where the person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A). Jarden is an Indiana corporation with a principal place of business in South Carolina. Jarden has no employees or offices in Massachusetts, Connecticut, Rhode Island, New York, Vermont, or New Hampshire (Dkt. No. 35-1 at 2). Insofar as CMM's motion seeks to compel compliance by Jarden with the December 6, 2017 subpoena, CMM's subpoena improperly commanded compliance in Springfield, Massachusetts, a location well beyond the 100-mile limit set forth in the rule. *See, e.g., Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 15-MC-94003-TSH, 2015 WL 5934760, at *2 (D. Mass. June 18, 2015) (in the absence of consent or exceptional circumstances, Rule 45 provides that compliance with a

3

subpoena and subpoena-related motion practice must occur in the district where a corporation is located); *Marine Polymer Techs. v. Hemcon, Inc.*, Civil No. 06-cv-100-JD, 2010 WL 1417646, at *1 (D.N.H. Apr. 5, 2010) (Rule 45(c)(3)(A)(ii) requires the court to quash a subpoena that would require a person to travel more than 100 miles from where the person resides, is employed, or regularly conducts business). The defect in CMM's Rule 45 subpoena to Jarden is not a mere technical violation. CMM's subpoena on Jarden is "unenforceable" because "both the documents and the non-party subpoena recipient are located outside of the reach of Rule 45(b)(2)." *Traveler v. CSX Corp.*, No. 1:06 CV 56, 2006 WL 2375480, at *2 (N.D. Ind. Aug. 16, 2006). Moreover, if CMM had served a proper Rule 45 subpoena on Jarden specifying an appropriate location for the deposition, i.e., in either Indiana or South Carolina – which it did not – a motion to compel compliance with any such subpoena would have had to be filed in a proceeding commenced in the district in which compliance was required. *See* Fed. R. Civ. P. 45(d)(3) (motion practice related to a Rule 45 subpoena takes place in the district where compliance is required). Accordingly, so much of CMM's motion as is directed at compelling compliance with the Rule 45 subpoena CMM caused to be served on Jarden is DENIED.

2. Subpoena to Yankee Candle

The court also DENIES so much of CMM's motion as seeks to compel additional deposition testimony from Yankee Candle. CMM's subpoena to Yankee Candle commanded testimony from the "Person with the Most Knowledge" on the list of topics in Schedule B. Yankee Candle unambiguously designated Mr. Pazos for this role (Dkt. No. 35-1 at 27). Mr. Pazos, who is the Director of Purchasing at Yankee Candle and was employed at Yankee Candle at all times relevant to CMM's claims, has attested that he was the person at Yankee Candle with the most knowledge "as to the vast majority of the subjects listed in the Subpoena" (Dkt. No. 35-

4

1 at 2; 35-2 at 2). CMM's subpoena directed Yankee Candle's representative to bring with him to the deposition the documents listed in Schedule A (Dkt. No. 35-1 at 7). Yankee Candle produced documents electronically on January 19, 2018 (a Friday), before the January 22, 2018 deposition of Yankee Candle, which (to the extent the document production was complete, a point addressed below) constituted compliance with the subpoena (Dkt. No. 35-1 at 29). *Cf. Miller v. Holzman*, 471 F. Supp. 2d 119, 122 (D.D.C. 2007) (a deponent's obligation is to comply with the literal terms of a subpoena). Notwithstanding Yankee Candle's compliance with the literal terms of CCM's subpoena, CMM chose not to depose Mr. Pazos as a corporate representative, apparently based on the timing of Yankee Candle's document production (Dkt. No. 33-17 at 2-3) and did not explore the full extent of Mr. Pazos's knowledge as a corporate designee concerning the topics listed in Schedule B. To the limited extent that CMM takes the position that Mr. Pazos lacked relevant knowledge (Dkt. No. 39 at 6, ¶ 39), it bears noting that at least four of the topics on Schedule B to the Rule 45 subpoena to Yankee Candle would be more appropriately addressed to Jarden than to Yankee Candle.

Pursuant to Rule 45(c)(1), a party responsible for issuing and serving a subpoena on a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). In the circumstances present here, granting CMM's motion to compel further deposition testimony from Yankee Candle would violate this directive. CMM's unilateral decision to forego seeking testimony from Mr. Pazos as a corporate designee in the absence of good cause for this decision should operate as a waiver of CMM's right to seek such evidence. *See Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 75 (D.P.R. 2016) (quashing deposition subpoena where the issuing party had had ample time to obtain the discovery sought by the Rule 45 subpoena). Moreover, having passed on the

5

opportunity to inquire into Mr. Pazos's knowledge in his capacity as a corporate designee, CMM cannot meet its burden of showing that Mr. Pazos was inadequately prepared to testify on Yankee Candle's behalf. *See Cooper v. Charter Commc'ns, Inc.*, Case No. 3:12-cv-10530-MGM, 2016 WL 1430012, at *3 (D. Mass. Apr. 11, 2016). For the foregoing reasons, so much of CMM's motion as seeks to compel Rule 30(b)(6) deposition testimony from Yankee Candle is DENIED.

CMM's command to Yankee Candle for document production stands on a somewhat different footing. Notwithstanding CMM's requests to CRC and its principals for relevant documents, it appears that CMM has been left with a gap in the documentary record. Yankee Candle and Jarden played important roles in the events that have given rise to CMM's claims. "[T]he Federal Rules of Civil Procedure allow for discovery from non-parties," *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *7 (D. Mass.. Nov. 13, 2013), as long as the requests are not unduly burdensome. Yankee Candle has submitted an affidavit from Kim Dacyczyn, its Director of Information Technology, in which it is represented that searching the email accounts of all Yankee employees for the last five years would require 40 man hours. Yankee Candle contends, on this basis, that responding to CMM's document production request would be unduly burdensome (Dkt. No. 35-3). It would not be necessary to search the email accounts of anywhere near all of Yankee Candle's employees to reasonably ascertain whether Yankee Candle has additional documents, stored electronically, that would be responsive to CMM's Rule 45 subpoena for documents.

Notwithstanding that CMM's counsel failed to make reasonable efforts to limit the burden of CMM's discovery directed to non-party Yankee Candle, the court concludes that some

additional effort by Yankee Candle is in order. Yankee Candle has not shown that an appropriately limited and targeted search of archived emails, limited to the email accounts of no more than four employee-custodians and using no more than ten search terms, would be unduly burdensome. *See In re New England Compounding Pharmacy*, 2013 WL 6058483, at *6 (the party resisting discovery must demonstrate undue burden). Accordingly, the court directs that counsel for CMM confer with Yankee Candle's counsel to identify no more than four Yankee Candle employees whose email accounts will be searched using no more than ten relevant search terms, which may include, for example, proper names and the name of the product made by CRC. This entire process, including the identification of appropriate document custodians, a limited list of relevant search terms, and the search itself, shall be completed by no later than April 6, 2018. If this limited search of electronically stored information does not result in the identification of any additional relevant documents, Yankee Candle shall so indicate. *See id.* at *7 (to the extent a respondent does not have any responsive documents in its possession, custody or control, it may so state). If any additional relevant documents are identified and produced to CMM by Yankee Candle, copies shall be produced to CRC as well.

III.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Alltrista Plastics, LLC d/b/a/ Jarden Plastics Solutions ("Jarden") and the Yankee Candle Company, Inc. ("Yankee Candle") to Designate Witnesses and Produce Documents as Required by Deposition Subpoenas Served on Both Companies is granted in part and denied in part on the terms set forth in this Order.

CMM's motion is GRANTED insofar as counsel for CMM is directed to confer with Yankee Candle's counsel to identify no more than four Yankee Candle employees whose active and archived email accounts will be searched using no more than ten relevant search terms. This

further search for responsive documents shall be completed by no later than **April 6, 2018**. If any additional relevant documents are identified and produced to CMM by Yankee Candle, copies shall be produced to CRC as well. CMM's motion is otherwise DENIED.

Although the issue is close, the court concludes that no award of counsel fees or costs to non-parties Jarden and Yankee Candle is justified. *See* Fed. R. Civ. P. 37(a)(5).

It is so ordered.

Dated: March 22, 2018                                      /s/ Katherine A. Robertson
                                                           KATHERINE A. ROBERTSON
                                                           U.S. MAGISTRATE JUDGE